FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 24 2012 ★
DOCKET & FILE
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DAVID HESTER-BEY,

              Plaintiff,

              -against-

POLICE DEPARTMENT,

              Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-CV-3320 (KAM)

MATSUMOTO, United States District Judge.

On July 2, 2012, *pro se* plaintiff David Hester-Bey filed this action alleging false arrest. The Court liberally construes the action as being brought pursuant to 42 U.S.C. § 1983 against the New York City Police Department. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the New York City Police Department is dismissed from this action and plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiffs' *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A

1

complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## BACKGROUND

Plaintiff brings this action for false arrest alleging that on June 21, 2011, he was falsely arrested and "was charged with swallowing drugs/obstruct[ing] evidence." Compl. at 1. Plaintiff states that he was accused of swallowing heroine and was taken to a hospital to have his stomach pumped, but drugs were not recovered from his body. Id. Plaintiff further states that on July 2, 2011, he was arrested again and charged with swallowing cocaine. Id. Plaintiff alleges that he was also taken to the hospital on this occasion to have his stomach pumped and again no drugs were found. Comp. at 1-2. Plaintiff seeks unspecified damages. Compl. at 2.

## DISCUSSION

Plaintiff's complaint may not proceed as presented. Section 1983 provides that an action may only be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. §1983. The New York City Police Department is not a "person" within the meaning of section 1983 and is therefore, not a suable entity. Campbell v. New York City Police, No. 05 CV 2858, 2005 WL 1970954, at *1 (E.D.N.Y. Aug. 10, 2005) (the New York City Police Department is not a proper party under § 1983).

2

## LEAVE TO AMEND

In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is granted thirty (30) days leave from the date of this order to file an amended complaint to name a proper defendant(s). Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is advised that pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. Iqbal, 556 U.S. at 677-79 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See also Bell Atlantic Corp, 550 U.S. at 544 (2007).

## CONCLUSION

Accordingly, the New York City Police Department is dismissed from this action. Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint to name a proper defendant(s). Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and must specify dates and facts supporting the personal involvement of each named defendant. If plaintiff cannot identify the individual(s) by name at this time, he may name "John Doe" defendants and provide a physical description for each, along with his or her place of employment.

The amended complaint must be captioned as an "Amended Complaint," name all defendants in the caption, and bear the same docket number as this Order. If plaintiff fails to file an amended complaint, judgment dismissing this action without prejudice shall be entered.

No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
September 24, 2012